**Makhan SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Nos. 02–74264, A77–857–805.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2004.*

Decided June 29, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Randhir S. Kang, Esq., Law Office of Randhir S. Kang, Fremont, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Papu Sandhu, Thomas C. Lederman, U.S. Department of Justice, Washington, DC, for Respondent.

Before THOMPSON, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Makhan Singh, a native and citizen of India, petitions for review of a final order of removal by the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ"). The IJ concluded that Singh was not eligible for asylum or withholding of removal because he failed to meet his burden of credibly demonstrating past persecution or a well-founded fear of future persecution on account of a statutorily protected ground. *See* 8 U.S.C. § 1101(a)(42)(A). The BIA affirmed the decision of the IJ, citing Singh's implausible testimony regarding the circumstances surrounding his arrest, his lack of knowledge of the Sikh religion, and a lack of documentary evidence re-

garding his kidney transplant and the dates of his arrival in the United States. We have jurisdiction pursuant to 8 U.S.C. § 1252(b)(2), and we affirm.[1]

We review the BIA's finding that Singh's testimony was not credible under the deferential "substantial evidence" standard. *See He v. Ashcroft*, 328 F.3d 593, 595 (9th Cir.2003). Substantial evidence supports the BIA's finding. Singh was unable to answer simple questions regarding the basic tenets of his religion. He could not identify Sikh holy days, and when asked to name the gurus of the Sikh religion he was only able to name two of the ten. Singh's lack of knowledge of the Sikh religion was a "specific, cogent reason" for disbelieving his testimony, *see Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir.2002), and it went to the heart of his claim because it undermined his contention that he was persecuted on account of his religious beliefs. *See id.* The petition for review is therefore DENIED.

---

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.